This was a qui tarn action of debt brought in the District Court of Washington, by the plaintiff against the defendant, to recover a penalty imposed by an act of assembly. The whole case is stated in the following special verdict: “We find that by a commission of the peace bearing date the 21st December, 1776, Arthur Campbell the defendant was appointed a justice of the peace for the counts' of Washington, and as such on the 28th January, 1777, being the day appointed by an act of assembly, for holding a court in said county, took the oaths of a justice of the peace, and a justice of the County Court in Chancery. That on the 31st day of August, 1786, he the said Arthur was by virtue of authority of an act of assembly entitled ‘an act to extend the powers of the governor and council,’ removed from the office of a justice of the peace for the county aforesaid, for misconduct, by the governor with the advice of the council of state: [it then sets forth the warrant of the governor, under the seal of the commonwealth, removing him from office, in haec verba) 17 whereupon *the said Arthur ceased to act as a justice of the peace : that in the year 1787, an act was passed entitled ‘an act respecting the appointment of county court clerks, recommendation of surveyors, and for other purposes,’ declaring the act'entitled ‘the act to extend the powers of the governor and council’ unconstitutional, inasmuch as by the former act, there is an interference between the executive, and judiciary, which ought to be separate and distinct, so that neither exercise the powers, properly belonging to the other, and therefore the same was repealed. Whereupon the said Arthur did on the 15th September, 1789, presume to execute the office of a justice of the peace, in and for the county aforesaid, by exercising the’authority and performing sundry duties and functions, pertaining to the same, without being qualified as the law directs by virtue of any subsequent commission. We therefore find for the plaintiff three hundred pounds current money of Virginia, being the penalty inflicted on any person, who shall presume to execute the office of a justice of the peace by an act entitled ‘an act for establishing county courts, and for regulating ánd settling the proceedings therein,’ without being qualified as directed by said act, if the *11 law be for him ; otherwise, we find for the defendant.”
*The question arising' on this special verdict was adjourned ; and at a General Court held November 19th, 1792, present, Parker, Henry, Roane and Nelson, judges, it was decided that “the law is for the defendant.”
Note. This case is referred to by Judge Tucker in his edition of Blackstone’s Commentaries. See his appendix to the 1st Vol. 1st part, page 125. The ordinance of convention, which authorized the governor and council to remove from office a justice of the peace, for misfeasance in office, or disaffection to the commonwealth, on a full and fair hearing of the parties, may be seen in the Chancellor’s Revisal, p. 37. See also the same book, p. 81, ch. Sth, sect. 4th, by which the governor and council is empowered to remove justices of the peace for misconduct, neglect of duty, or mal-practices. The act repealing this last law, is only to be found in the acts of 1787, ch. 23. But although the executive cannot constitutionally remove a justice of the peace from his office, yet he may be removed for misbehaviour in office by judgment of a superior court of law. See the case of the commonwealth against John Alexander, decided by the General Court, June, 1808.